# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-10648
Summary Calendar

HORACE EWIN BETTS

Plaintiff-Appellant

v.

RISSI L OWENS, Director, Texas Board of Pardons and Parole; HOWARD A
THRASHER, SR; ELVIS HIGHTOWER; JUANITA GONZALES

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-14

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Horace Ewin Betts, TDCJ # 1381114, appeals the district court's dismissal
of his pro se 42 U.S.C. § 1983 civil rights complaint in which he alleged that the
Texas Board of Pardons and Paroles (the Board) was "arbitrarily and
perfunctorily" denying release to mandatory supervision. He also argued that
certain of the Board's practices amounted to a denial of due process, including:
failing to supply evidence or a reasoned argument to support its denials,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

omitting a signature at the end of letters denying release, using boilerplate language, and failing to use a state seal or letterhead. Betts also challenged the Board's alleged practice of cancelling work-time credits if release to mandatory supervision was denied.

The district court found that Betts had failed to state a claim. The district court determined that the defendants were entitled to Eleventh Amendment immunity from claims against them in their official capacities, found that the Board's practices did not violate the Due Process Clause, and rejected the claim that work credits have a separate statutory basis from good conduct credits.

On appeal, Betts has not addressed the district court's reasons for dismissing his complaint. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Failure to identify an error in the district court's analysis is the same as if Betts had not appealed the judgment. *See Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Several of Betts's appellate arguments appear to be raised for the first time on appeal. Assuming that any of these arguments could constitute a cognizable claim for relief, this court will not consider claims raised for the first time on appeal. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

To the extent Betts is requesting the appointment of counsel, such motion is DENIED.

The judgment of the district court is AFFIRMED.